UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DASHONE MARCEL REYNOLDS**  CIVIL ACTION

**VERSUS**  NO. 23-1675

**BARBARA BONNER, ET AL.**  SECTION: "I"(5)

ORDER AND REASONS

Pro se Plaintiff, Dashone Marcel Reynolds, is a prisoner currently incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana. He filed the above-captioned 42 U.S.C. § 1983 complaint in the United States District Court for the Western District of Louisiana, against the Louisiana DOC Disciplinary Court, and prison officials, Barbara Bonner, Larry Weary, Billy Mersereau, Randall Seal, Kenton Smith, Floyd Brooks, and Mikaela Jenkins, alleging that he is being targeted unfairly with disciplinary action and confiscation of personal items for his failure to attend "call out" due to alleged health problems and also for his pending civil actions. (Rec. docs. 1, 5, Complaint). He requests monetary relief. The Western District granted him pauper status and transferred the matter to this Court. (Rec. docs. 6, 7).

However, upon review of his complaint, pauper application and the court's records, the Court discovered that Reynolds falsely alleged that he had not filed any lawsuit or appeal in any federal district court or appeals court which had been dismissed as frivolous. (Rec. doc. 5, pp. 1-2; rec. doc. 4, p. 3). In fact, Reynolds is a prolific filer of frivolous lawsuits in the federal courts and is barred from proceeding *in forma pauperis* on civil complaints.

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified in part at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has,

on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.  The Court's records establish that Reynolds has filed numerous 42 U.S.C. § 1983 complaints, at least three of which were dismissed as frivolous and/or for failure to state a claim, including, but not limited to, the following:  *Reynolds v. District Attorney Office*, Civ. Action No. 21-1614, 2022 WL 556048 (E.D. La. Jan. 18, 2022), *adopted*, 2022 WL 539294 (E.D. La. Feb. 23, 2022); *Reynolds v. Orleans Parish Sheriff's Office, et al.*, Civ. Action No. 21-1615, 2022 WL 989425 (E.D. La. Mar. 3, 2022), *adopted*, 2022 WL 972287 (E.D. La. Mar. 31, 2022); *Reynolds v. Criminal District Court Orleans Parish, et al.*, Civ. Action No. 22-1009, 2022 WL 4391517 (E.D. La. May 19, 2022), *adopted*, 2022 WL 4379523 (E.D. La. Sept. 22, 2022); *Reynolds v. DeLarge*, Civ. Action No. 22-1421, 2022 WL 3587840 (E.D. La. July 11, 2022), *adopted*, 2022 WL 3579420 (E.D. La. Aug. 19, 2022).[1]  He has therefore accumulated three "strikes" under the PLRA, and may not proceed as a pauper in this action unless he satisfies the "imminent danger" exception of § 1915(g), for prisoners "under imminent danger of serious physical injury."  He does not fall within the exception.  His claim of being targeted has no relation whatsoever to any physical threats of harm.

Accordingly, based on his history of baseless litigation and failure to satisfy the exception to the three-strikes rule, Reynolds is not entitled to proceed *in forma pauperis*

---

[1] Reynolds repeatedly has been denied pauper status in other civil actions filed here because he has three strikes under the PLRA. *See, e.g.*, *Reynolds v. Deputy Johnathan Charles*, Civ. Action 22-2319 "I"(3) (E.D. La. Sep. 2022) (denying motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)).

pursuant to the provisions of the Prison Litigation Reform Act. Because *in forma pauperis* status is a privilege, not an absolute right, it follows that the privilege may be revoked when abused, as exhibited here by Reynold's deceitfulness. *See Shannon v. Horton, et al.*, Civ. Action No. 22-4362, 2023 WL 1092318, at *1 n. 1 (E.D. La. Jan. 10, 2023), *report and recommendation adopted*, 2023 WL 1071525 (E.D. La. Jan. 27, 2023); *Bismillah v. Mohr, et al.*, Civ. Action No. 3:16-cv-1374, 2018 WL 4573268, at *2 (N.D. Ohio Sep. 24, 2018) (citing *Gabel v. Hudson*, No. 2:14-cv-1057, 2014 WL 7183940, at *1 (S.D. Ohio Dec. 16, 2014), *report & recommendation adopted by* 2015 WL 224975 (S.D. Ohio Jan. 15, 2015)).

Accordingly, **IT IS ORDERED** that Reynold's pauper status is hereby **REVOKED** and leave to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915(g). The case is to be **CLOSED** for administrative and statistical purposes until such time as Reynolds pays the requisite filing fee.

New Orleans, Louisiana, this   23rd   day of May, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE